CLOSED

# U.S. District Court
## Southern District of Georgia (Augusta)
## CRIMINAL DOCKET FOR CASE #: 1:25−cr−00061−JRH−BKE All Defendants

Case title: USA v. Phagnasay

Date Filed: 09/04/2025

Date Terminated: 03/23/2026

Assigned to: District Judge J. Randal Hall
Referred to: Magistrate Judge Brian K. Epps

### Defendant (1)

**Audricus Phagnasay**
*TERMINATED: 03/23/2026*

represented by **Holly Grace Chapman**
Davis, Chapman, and Wilder, LLC
1143 Laney Walker Blvd.
Suite 201
Augusta, GA 30901
706−426−4183
Fax: 706−229−7051
Email: hchapman@dcwattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

18 U.S.C. § 1349 Wire Fraud
Conspiracy
(1)

### Disposition

3 years probation; $2000 fine; $100 special
assessment

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Disposition

### Highest Offense Level (Terminated)

None

### Complaints

None

### Disposition

### Plaintiff

**USA**

represented by **E. Gregory Gilluly − AUSA , Jr.**
U.S. Attorney's Office − Savannah
P.O. Box 8970
22 Barnard Street, Suite 300
Savannah, GA 31401
912−652−4422
Fax: 912−652−4388

Email: greg.gilluly@usdoj.gov *(Inactive)*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jacques Rio Singer–Emery**
DOJ–Nsd
Sausa
1515 Richmond Hwy.
Apt. 508
Crystal City, VA 22202
646–369–6403
Email: jacques.singer–emery@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Louie Alexander Hamner**
DOJ–USAO
22 Barnard Street
Suite 300
Savannah, GA 31401
912–201–2550
Email: alex.hamner@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Margaret E. Heap**
United States Attorney's Office
22 Barnard St.
Suite 300
Savannah, GA 31401
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/04/2025 | 1 | INFORMATION as to Audricus Phagnasay (1), count 1. (amd) (Entered: 09/04/2025) |
| 09/04/2025 | 2 | PENALTY CERTIFICATION by Government as to Audricus Phagnasay. (amd) (Entered: 09/04/2025) |
| 09/04/2025 | 3 | NOTICE OF PLEA AGREEMENT by USA as to Audricus Phagnasay (Hamner, Louie) (Entered: 09/04/2025) |
| 09/04/2025 | 5 | CJA 20 – TEXT ORDER for Appointment of Attorney Holly Grace Chapman for Audricus Phagnasay. Signed by Magistrate Judge Brian K. Epps on 9/4/25. (cjc) (Entered: 09/11/2025) |
| 09/04/2025 | 6 | Notice to CJA Counsel: CJA Packet attached including Post–Conviction Obligations – CLICK HERE TO READ.. (cjc) (Entered: 09/11/2025) |
| 09/09/2025 |  | PLEA AGREEMENT RECEIVED as to Audricus Phagnasay (lcw) (Entered: 09/09/2025) |
| 09/30/2025 | 7 | NOTICE OF HEARING as to Audricus Phagnasay. Initial Appearance/Plea to Information set for 11/13/2025 03:00 PM in Augusta – 2nd Floor before District Judge J. Randal Hall. (lcw) (Entered: 09/30/2025) |
| 11/12/2025 | 8 | NOTICE OF ATTORNEY APPEARANCE Jacques Rio Singer–Emery appearing for USA. (Singer–Emery, Jacques) (Entered: 11/12/2025) |
| 11/13/2025 | 9 | Minute Entry for proceedings held before District Judge J. Randal Hall: Initial Appearance and Guilty Plea Hearing (1). Plea of Guilty enter by Audricus Phagnasay (1) as to Count 1. Def released on $10,000 unsecured bond. (Court Reporter Lisa Davenport.) (lcw) (Entered: 11/13/2025) |

| | | |
|---|---|---|
| 11/13/2025 | 10 | WAIVER OF INDICTMENT by Audricus Phagnasay (lcw) (Entered: 11/13/2025) |
| 11/13/2025 | 11 | PLEA TO FELONY INFORMATION by Audricus Phagnasay (lcw) (Entered: 11/13/2025) |
| 11/13/2025 | 14 | PLEA AGREEMENT as to Audricus Phagnasay (lcw) (Entered: 11/17/2025) |
| 11/13/2025 | | Plea Agreement Accepted as to Audricus Phagnasay (lcw) (Entered: 11/17/2025) |
| 11/14/2025 | 12 | Appearance Bond Entered as to Audricus Phagnasay in amount of $ 10,000 unsecured. (mcm) (Entered: 11/14/2025) |
| 11/14/2025 | 13 | ORDER Setting Conditions of Release in the amount of $10,000.00 (unsecured). Signed by District Judge J. Randal Hall on 11/13/2025. (mcm) (Entered: 11/14/2025) |
| 12/09/2025 | 15 | MOTION for Forfeiture of Property by Louie Alexander Hamner as to Audricus Phagnasay. Responses due by 12/23/2025. (Attachments: # 1 Text of Proposed Order)(Hamner, Louie) (Entered: 12/09/2025) |
| 12/10/2025 | 16 | Preliminary ORDER of Forfeiture granting 15 Motion for Forfeiture of Property in accordance to the terms and conditions within this Order as to Audricus Phagnasay (1). Signed by District Judge J. Randal Hall on 12/10/2025. (jlh) (Entered: 12/10/2025) |
| 01/13/2026 | 17 | Final Presentence Investigation Report as to Audricus Phagnasay (Document maintained in clerk's office) (lcw) (Entered: 01/13/2026) |
| 01/20/2026 | 18 | MOTION for Forfeiture of Property by Louie Alexander Hamner as to Audricus Phagnasay. Responses due by 2/3/2026. (Attachments: # 1 Text of Proposed Order)(Hamner, Louie) (Entered: 01/20/2026) |
| 01/22/2026 | 19 | FINAL ORDER OF FORFEITURE as to Audricus Phagnasay (1), granting 18 Motion for Forfeiture of Property. Signed by District Judge J. Randal Hall on 1/22/2026. (amd) (Entered: 01/22/2026) |
| 01/23/2026 | 20 | NO OBJECTION TO PRESENTENCE INVESTIGATION REPORT by USA as to Audricus Phagnasay (Hamner, Louie) (Entered: 01/23/2026) |
| 01/26/2026 | 21 | NO OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Holly Chapman as to Audricus Phagnasay (Chapman, Holly) (Entered: 01/26/2026) |
| 01/28/2026 | 22 | MOTION for Leave of Absence as to USA for dates of : February 9 – 13 2026 by on behalf of USA. Responses due by 2/11/2026. (Attachments: # 1 Text of Proposed Order)(Hamner, Louie) (Entered: 01/28/2026) |
| 01/29/2026 | 23 | ORDER granting 22 Motion for Leave of Absence as to attorney L. Alexander Hamner for the dates of February 9 – 13 2026, as to Audricus Phagnasay (1). Signed by District Judge J. Randal Hall on 1/29/2026. (mcm) Modified on 1/29/2026 (csr). (Entered: 01/29/2026) |
| 02/06/2026 | 24 | Final Presentence Investigation Report as to Audricus Phagnasay (USPO) (Entered: 02/06/2026) |
| 02/25/2026 | 25 | NOTICE OF HEARING as to Audricus Phagnasay. Sentencing set for 3/19/2026 02:30 PM in Augusta – 2nd Floor before District Judge J. Randal Hall. (lcw) (Entered: 02/25/2026) |
| 03/19/2026 | 27 | Minute Entry for proceedings held before District Judge J. Randal Hall: Sentencing held on 3/19/2026 for Audricus Phagnasay (1). As to Count 1, Def sentenced to 3 years probation; $2000 fine; $100 special assessment. (Court Reporter Lisa Davenport.) (lcw) (Entered: 03/19/2026) |
| 03/23/2026 | 29 | JUDGMENT as to Audricus Phagnasay (1), Count 1, 3 years probation; $2000 fine; $100 special assessment. Signed by District Judge J. Randal Hall on 3/23/2026. (amd) (Entered: 03/23/2026) |
| 03/23/2026 | 30 | Notice of Post–Conviction Consultation Certification (Chapman, Holly) (Entered: 03/23/2026) |
| 03/24/2026 | 31 | Statement of Reasons as to Audricus Phagnasay (USPO) (Entered: 03/24/2026) |

| 05/26/2026 | 32 | TRANSFER OF JURISDICTION for Supervision of Releasee Transferred to Eastern District of California as to Audricus Phagnasay. Transfer of Jurisdiction form, copies of indictment, judgment and docket sheet available through PACER. Eastern District of California case number 1:26cr0093. (pts) (Entered: 05/26/2026) |

FILED
Clerk of Court
United States District Court

By PaulSullivan at 4:18 pm, Sep 04, 2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **INFORMATION** | CR125-061 |
| | ) | | |
| **v.** | ) | **18 U.S.C. § 1349** | |
| | ) | **Wire Fraud Conspiracy** | |
| **AUDRICUS PHAGNASAY** | ) | | |

**THE UNITED STATES ATTORNEY CHARGES THAT:**

**Introduction:**

At all times material to this Information:

<u>DPRK IT Workers</u>

1.     Since 2003, the government of the Democratic People's Republic of Korea ("DPRK" or "North Korea") has been under sanction by the United Nations ("U.N.") due to, among other things, its nuclear weapons program.  Since 2016, the United States has likewise had comprehensive trade and economic sanctions against North Korea due to the national security threats posed by North Korea, including its nuclear weapons program.  The sanctions effectively cut North Korea off from the U.S. marketplace and financial system and restricted the ability of U.S. persons and companies from doing business with DPRK institutions.  As a result, North Korea has sponsored a variety of schemes to evade the U.S. and U.N. sanctions and earn money for the regime.

2.     One such scheme involves the use of highly skilled information technology ("IT") workers to obtain remote, pseudonymous employment with companies around the world, including the United States, using false or stolen

1

identities. According to a May 2022 advisory by the Department of State, the Department of the Treasury, and the Federal Bureau of Investigation, the DPRK has dispatched thousands of IT workers around the world, earning revenue that contributes to the DPRK's weapons programs, in violation of U.S. and U.N. sanctions.

3.      These workers: (i) misrepresent themselves as foreign (non-DPRK) or U.S.-based remote workers using false or stolen identification documents; (ii) obfuscate their location  using virtual private networks ("VPNs"), virtual private servers ("VPSs"), third- country internet protocol ("IP") addresses, and proxy accounts; (iii) surreptitiously obtain remote IT jobs with companies spanning a range of sectors and industries around the world; (iv) develop applications and software for their employers; (v) in some instances, use privileged access gained through such employment for other illicit purposes, including enabling malicious cyber intrusions into an employer's network; and (vi) use U.S. financial institutions to launder wages paid by employers to overseas accounts controlled by DPRK actors and their co-conspirators. DPRK IT workers often enlist U.S. persons to facilitate remote employment schemes.

## COUNT ONE
*Wire Fraud Conspiracy*
18 U.S.C. § 1349

4.    Paragraphs 1 through 3 of the Information are incorporated by reference as if fully set forth herein.

5.    From on or about December 10, 2019, until on or about December 13, 2021, in the Southern District of Georgia and elsewhere, the Defendant,

**AUDRICUS PHAGNASAY**,

did willfully and knowingly combine, conspire, confederate, and agree with others known and unknown to commit wire fraud, that is having devise and intending to devise any scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmit and causes to be transmitted by means of wire communications in interstate and foreign commerce, any writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice and in violation of 18 U.S.C. § 1343.

6.    The Defendant knowingly allowed his identity to be used by overseas IT workers and others known and unknown to: (1) create resumes in the Defendant's name with false information about his experience; (2) use those false representations and the Defendant's identity to obtain employment with U.S. companies; (3) pass employer vetting procedures such as video interviews; and (4) open financial services accounts in the Defendant's name to receive payments from U.S. companies for work the Defendant was not performing.

7.    The Defendant received laptops at his home provided by U.S.

companies to overseas IT workers who were using the Defendant's identity. The Defendant also installed unauthorized remote access software on company-provided laptops and allowed overseas IT workers using his identity to access the laptops remotely to complete tasks assigned by the U.S. companies. Because these IT workers remotely accessed laptops located in the Defendant's home, it appeared to the U.S. company employers that the Defendant was performing assigned work from his home in the United States.

8.    The Defendant's actions caused at least ten U.S. companies to hire one or more overseas IT workers and pay those individuals a combined total of over $680,000 in salary. For his participation in this scheme, the Defendant received at least $3,450.

All in violation of Title 18, United States Code, Section 1349.

## **FORFEITURE ALLEGATION**

The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

Upon conviction of any of the offenses alleged in Count One, the Defendant, **AUDRICUS PHAGNASAY,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, constituting or derived from proceeds traceable to said violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violations charged in Count 1.

If any of the property described above, as a result of any act or commission of the Defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28,

United States Code, Section 2461(c).

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ E. Greg Gilluly, Jr.*

E. Greg Gilluly, Jr.
Assistant United States Attorney
Deputy Chief, Criminal Division

*/s/ L. Alexander Hamner*

L. Alexander Hamner
Assistant United States Attorney
*Lead Counsel

*/s/ Jacques Singer-Emery*

Jacques Singer-Emery
Trial Attorney

GAS 245B    (Rev. 11/25) Judgment in a Criminal Case
DC Probation

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

MAR 2 3 2026

FILED

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| Audricus Phagnasay | ) | |
| | ) | Case Number:      1:25CR00061-1 |
| | ) | |
| | ) | USM Number:      24126-512 |
| | ) | |
| | ) | Holly Grace Chapman |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to Count _____1_____.

☐ pleaded nolo contendere to Count(s) _____ which was accepted by the court.

☐ was found guilty on Count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Wire fraud conspiracy | December 13, 2021 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

March 19, 2026
Date of Imposition of Judgment

Signature of Judge

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
Name and Title of Judge

3/23/2026
Date

GAS 245B
DC Probation

Case 1:25-cr-00061-JRH-BKE    Document 29    Filed 03/23/26    Page 2 of 6
(Rev. 11/25) Judgment in a Criminal Case
Case 1:26-cr-00093-KES    Document 3    Filed 06/02/26    Page 12 of 16

Page 2 of 6

DEFENDANT:        Audricus Phagnasay
CASE NUMBER:    1:25CR00061-1

# PROBATION

You are hereby sentenced to probation for a term of: 3 years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
6. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 363, 3663A, and 3664. *(Check, if applicable.)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

GAS 245B
DC Probation

(Rev. 11/25) Judgment in a Criminal Case

DEFENDANT:         Audricus Phagnasay
CASE NUMBER:       1:25CR00061-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as a nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting permission from the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified that person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provide me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____          Date _____

GAS 245B
DC Probation

Case 1:25-cr-00061-JRH-BKE    Document 29    Filed 03/23/26    Page 4 of 6
(Rev. 11/25) Judgment in a Criminal Case
Case 1:26-cr-00093-KES    Document 3    Filed 06/02/26    Page 14 of 16

Page 4 of 6

DEFENDANT:         Audricus Phagnasay
CASE NUMBER:       1:25CR00061-1

## SPECIAL CONDITIONS OF SUPERVISION

1.  You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

2.  You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

3.  You must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

4.  You must submit your person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

GAS 245B
DC Probation

Case 1:25-cr-00061-JRH-BKE    Document 29    Filed 03/23/26    Page 5 of 6
(Rev. 11/25) Judgment in a Criminal Case
Case 1:26-cr-00093-KES    Document 3    Filed 06/02/26    Page 15 of 16

Page 5 of 6

DEFENDANT:        Audricus Phagnasay
CASE NUMBER:      1:25CR00061-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | Assessment | Restitution | Fine | AVAA* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $100 | N/A | $2,000 | N/A | N/A |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| TOTALS | $ | $ | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the    ☐  fine    ☐  restitution.

☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

\*    Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\*    Justice for Victims of Trafficking Act of 2015, Pub. L. No.114-22.
\*\*\*  Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

GAS 245B
DC Probation

(Rev. 11/25) Judgment in a Criminal Case

Case 1:25-cr-00061-JRH-BKE    Document 29    Filed 03/23/26    Page 6 of 6

Case 1:26-cr-00093-KES    Document 3    Filed 06/02/26    Page 16 of 16

Page 6 of 6

DEFENDANT:          Audricus  Phagnasay
CASE NUMBER:        1:25CR00061-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☒   Lump sum payment of $ _____100_____ due immediately, balance due

    ☐   not later than _____ , or
    ☒   in accordance    ☐  C,    ☐  D    ☐  E,    ☒  F below; or

**B**   ☐   Payment to begin immediately (may be combined with    ☐  C,    ☐  D, or    ☐  F below); or

**C**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☒   Special instructions regarding the payment of criminal monetary penalties:

    While on probation, the defendant shall make minimum monthly payments of $200 over a period of 10 months.  Payments are to be made payable to the Clerk, United States District Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

| Case Number | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
|  | $ | $ |  |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States: a money judgment in the amount of $681,926, as stated in this Court's Final Order of Forfeiture entered on January 22, 2026, which is incorporated into this judgment by specific reference.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.